IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY A. PAYTAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KINDRED HOSPITAL—PITTSBURGH— ) <br> NORTH SHORE, LLC, *d/b/a* KINDRED ) <br> HOSPITAL PITTSBURGH, ) <br> ) <br> Defendant. ) | Civil Action No. 14-274 <br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I.  **INTRODUCTION**

This is an employment discrimination case, wherein Plaintiff Kimberly Paytas asserts that she was terminated from her employment by Defendant Kindred Hospital because of age discrimination, in violation of 43 Pa. Stat. § 955(a). (Docket No. 1-2 at 4–5, ¶¶ 9, 13). Plaintiff filed this action in the Allegheny County Court of Common Pleas, and Defendant timely removed the case. (Docket No. 1). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and supporting Brief, filed on March 10, 2014. (Docket Nos. 4; 5). Plaintiff responded on March 31, 2014, (Docket Nos. 11; 12), and Defendant then filed a Reply on April 7, 2014, (Docket No. 13). Upon the Court's consideration of these filings, and for the reasons stated below, Defendant's Motion to Dismiss (Docket No. 4) is denied.

II. **LEGAL STANDARD**

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim cannot survive because it is time-barred. (Docket No. 4). A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. To

1

survive a motion to dismiss, a complaint must contain sufficient factual pleadings to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*). This requirement is designed to facilitate the federal notice-pleading standard, which requires "a short and plain statement of [a] claim *showing* that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added).

When ruling on a Rule 12(b)(6) motion, a court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678. The Court may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004). Nevertheless, a court need not credit bald assertions, unwarranted inference, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The plaintiff's obligation to provide the grounds of her legal entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (alterations in original). By authorizing dismissal on the basis of some dispositive issue of law, Rule 12(b)(6) dispenses with "needless discovery and factfinding" for the ultimate purpose of streamlining

litigation. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

The Court may consider certain documents from administrative proceedings, such as charges of discrimination filed with the PHRC and right to sue letters issued by the PHRC in the context of a Rule 12(b)(6) motion to dismiss without converting the matter into a motion for summary judgment under Rule 12(d). *See Wormack v. Shinseki*, Civ. A. No. 2:09-cv-916, 2010 WL 2650430, *1 n.1 (W.D. Pa. July 1, 2010) ("[I]n the Third Circuit, it is well settled that a court may consider administrative documents, such as a plaintiff's EEOC charges and public records without converting the motion to dismiss to a motion for summary judgment.").

### III. DISCUSSION

The present dispute centers on whether Plaintiff timely filed this action under the Pennsylvania Human Rights Act ("the Act"). (Docket Nos. 4; 5; 11; 12; 13). The Act forbids employment discrimination based on age. 43 PA. STAT. ANN. § 955(a). The Act further provides that the right to be free from sex discrimination in the employment context is "a civil right which shall be enforceable as set forth in this act." § 953. To seek relief under the PHRA, the aggrieved party must file a complaint with the PHRC. § 959(a). If, within one year of filing the complaint with the PHRC, the PHRC dismisses the complaint or fails to resolve the claim, the PHRC must notify the complainant, who may then "bring an action in the courts of common pleas of the Commonwealth." § 962(c)(1).

In this case, Plaintiff alleges in her Complaint that she was unlawfully terminated on May 13, 2010, and that she "timely filed a complaint of discrimination with the [PHRC]." (Docket No. 1-2 at 4–5, ¶¶ 8, 9, 11). Defendant has attached a letter sent from the PHRC to Lauren N. Diulus of Jackson Lewis LLP, dated December 2, 2011. (Docket No. 4-1). Said letter states that the PHRC closed Plaintiff's complaint, and that a copy of the Notice of Complainant's Rights is

3

enclosed. (*Id.*). Plaintiff brought this action on December 3, 2013, when she filed her Writ of Summons in the Allegheny County Court of Common Pleas. (Docket No. 1-5 at 3).

The parties disagree over the proper interpretation of the two-year limitation set forth in § 962(c)(2). Defendant argues that, even accepting the facts contained within Plaintiff's Complaint as true, the Complaint should be dismissed because she initiated her lawsuit two years and one day after the right-to-sue letter's date. (Docket Nos. 4; 5; 13). Plaintiff responds that the two-year period is properly measured from the date that Plaintiff received the right-to-sue letter, not from the date the letter was issued. (Docket No. 12 at 3–5). Given that the letter was dated December 2, 2011, Plaintiff reasons, the earliest date on which Plaintiff conceivably received said letter was December 3, 2011, making her lawsuit timely. (*Id.* at 5).

Initially, the Court notes that the cases to which Defendant cites in support of its argument that § 962(c)(2)'s two-year limitation period begins to run from the date of the PHRC's notice, rather than the date a complainant receives said letter, are distinguishable. For example, in *Burgh v. Borough Council of Borough of Montrose*, the PHRC never sent a letter indicating that the complainant's case was closed, and the court's statements concerning § 962(c)(2) are dicta. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 467–68 (3d Cir. 2001). The district court in *Langan v. Proctor & Gamble Co.* resolved an issue wherein the plaintiff filed a wrongful termination suit two years and four months following termination, and alleged grounds that were not presented to the PHRC. *Langan v. Proctor & Gamble Co.*, Civ. A. No. 3:08CV323, 2009 WL 1816950, *1–3 (M.D. Pa. June 24, 2009).

Moreover, even if the Court were to accept Defendant's argument that § 962(c)(2) should be construed to run from the date of notice rather than the date of receipt, Defendant's motion would still be denied because the Court lacks evidence to support Defendant's argument that

4

Plaintiff's lawsuit is untimely. Neither party has submitted the PHRC's letter to Plaintiff, and so it remains a factual issue as to when this letter was sent and received by Plaintiff. Defendant's reliance on the letter sent from the PHRC to Jackson Lewis is unavailing. (Docket No. 4-1). The Jackson Lewis letter references Plaintiff's complaint and advises that the PHRC has closed this matter, indicating that a Notice of Complainant's Rights is enclosed. (*Id.*). This letter to Jackson Lewis, however, does not attach a copy of the PHRC's letter to Plaintiff or even indicate the date of the PHRC's letter to Plaintiff. (*Id.*). In this Court's view, it is plausible that the PHRC sent Plaintiff a notice after this letter to Jackson Lewis. In the event that the PHRC sent Plaintiff a letter even one day later, then Plaintiff's present action would be timely under Defendant's reading of § 962(c)(2). Without evidence as to the date that the PHRC sent Plaintiff's notice or the date said notice was received by Plaintiff, Defendant has not shown that Plaintiff has failed to state a claim under Rule 12(b)(6). As such, the Court is not prepared to dismiss Plaintiff's claim.

### IV. CONCLUSION / ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [4] is DENIED, without prejudice.

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 29, 2014
cc/ecf: All counsel of record