IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KIMBERLY A. PAYTAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 14-274 |
| | ) | Judge Nora Barry Fischer |
| KINDRED HOSPITAL—PITTSBURGH—NORTH SHORE, LLC, *d/b/a* KINDRED HOSPITAL PITTSBURGH, | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

### **I. INTRODUCTION**

Presently before the Court is Defendant's Motion for Reconsideration, filed on June 18, 2014. (Docket No. 23). Therein, Defendant urges the Court to reconsider its April 29, 2014 Memorandum Opinion and Order that denied Defendant's Motion to Dismiss. (Docket No. 14). Plaintiff filed her Response opposing the Motion for Reconsideration on July 3, 2014. (Docket No. 24). Upon the Court's consideration of Defendant's Motion and the related briefing, and for the reasons set out below, Defendant's Motion for Reconsideration is denied.

### **II. BACKGROUND**

This is an employment discrimination case brought by Plaintiff Kimberly Paytas against Defendant Kindred Hospital, who allegedly terminated her in violation of 43 Pa. Stat. Ann. § 955(a). (Docket No. 1-2 at 4–5, ¶¶ 9, 13). Defendant filed a Motion to Dismiss Plaintiff's Complaint on March 10, 2014. (Docket Nos. 4; 5). In said Motion, Defendant argued that Plaintiff's action was time-barred under the Pennsylvania Human Rights Act ("the Act"), 43 Pa. Stat. Ann. § 955(a). The Act establishes that in order to seek relief, the aggrieved party must

1

file a complaint with the Pennsylvania Human Rights Commission ("the PHRC"). § 959(a). If, within one year of filing the complaint with the PHRC, the PHRC dismisses the complaint or fails to resolve the claim, the PHRC must <u>notify</u> the complainant, who may then "bring an action in the courts of common pleas of the Commonwealth." § 962(c)(1). The complainant must file said action within two years. § 962(c)(2).

The issue raised in Defendant's Motion to Dismiss, (Docket No. 4), was whether Plaintiff timely filed suit. Plaintiff initiated her action on December 3, 2013, when she filed her Writ of Summons in the Allegheny County Court of Common Pleas. (Docket No. 1-5 at 3). Defendant asserted that this action is time barred, and attached to its Motion to Dismiss a letter sent from the PHRC to Lauren N. Diulus of Jackson Lewis LLP, dated December 2, 2011, which stated that the PHRC closed Plaintiff's complaint, and that a copy of the Notice of Complainant's Rights was enclosed. (Docket No. 4-1). In their briefings, the parties argued over the proper interpretation of the two-year limitation contained within § 962(c)(2), and whether the two-year period should be measured from the date of the right-to-sue letter or from the date on which Plaintiff received said letter. (Docket Nos. 4, 5, 13). The Court denied the Motion on the grounds that, even if Defendant's argument as to the proper interpretation of § 962(c)(2) is accepted, the Defendant had not presented evidence of the letter that the PHRC sent to Plaintiff. *See Paytas v. Kindred Hosp.-Pittsburgh-N. Shore, LLC*, Civ. No. 14-274, 2014 WL 1683276 (W.D. Pa. Apr. 29, 2014); (Docket No. 14).

On June 18, 2014, Defendant filed its Motion for Reconsideration of the Court's Order. (Docket No. 23). Defendant now attaches a copy of the letter that the PHRC sent to Plaintiff, which is dated December 2, 2011, and argues that in light of this newly discovered evidence, the Court should reconsider its ruling on Defendant's Motion to Dismiss. (Docket No. 23). In

response, Plaintiff reasserts its arguments that the date of the PHRC's letter is not dispositive, and that the two-year time period in which Plaintiff could file suit commenced when she received the letter. (Docket No. 24).

III. LEGAL STANDARD

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The standard that Plaintiff must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 F.App'x. 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Linhart v. Zitelli & Brodland, P.C.*, Civ. A. No. 10–530, 2011 WL 5188061, at * 2 (W.D. Pa. Nov.1, 2011) (citing *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"A motion for reconsideration relying on the discovery of new evidence subsequent to an initial order should only be granted if the party presenting the new evidence demonstrates that the new evidence would have changed the initial rulings." *Graham v. Progressive Direct Ins. Co.*, No. 09–969, 2010 WL 3092684, at *2 (W.D. Pa. Aug.6, 2010). Furthermore, "because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Id.* (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)). It is evident that a motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court.

3

*Id.* (citing *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)).

**IV. DISCUSSION**

To begin, Defendant acknowledges that its Motion is untimely pursuant to this Court's Policies and Procedures. (Docket No. 23 at 2). Defendant filed its Motion on June 18, 2014, seeking reconsideration of this Court's Order issued on April 29, 2014. *Paytas v. Kindred Hosp.-Pittsburgh-N. Shore, LLC*, Civ. No. 14-274, 2014 WL 1683276 (W.D. Pa. Apr. 29, 2014). This delay of nearly seven weeks violates this Court's policies, which require that any motion for reconsideration be filed within seven days of the order being issued. *See* "Practices and Procedures of Judge Nora Barry Fischer" Rule II.M (eff. Feb. 5, 2013) *available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf. Defendant, thus, relies on Federal Rule of Civil Procedure 60(b), arguing that the Court should waive application of its local rule. (Docket No. 23 at 3).

In this Court's estimation, however, the newly discovered evidence upon which Defendant relies is insufficient to warrant reconsideration. Defendant has now obtained a copy of the "Right to Sue" letter. Admittedly, the absence of said letter was one of the factors that caused the Court to deny Defendant's Motion to Dismiss, *Paytas*, 2014 WL 1683276 at *3. The Court notes, however, that no evidence has been presented that would indicate when Plaintiff actually received said letter. Nor has either party presented any evidence as to the PHRC's practices regarding notice and its use of the mail. (Docket No. 24-1). As Plaintiff points out, even if the PHRC mailed the letter to Plaintiff on Friday, December 2, 2011—and at this point the Court has no evidence that the letter was mailed on this date—it is plausible that Plaintiff would not have received the letter until Saturday, December 3, 2011 or after. (Docket No. 24 at 5). Consequently, Defendant has failed to present new evidence that "would have changed the initial

4

ruling," and its Motion for Reconsideration will be denied. *Graham*, 2010 WL 3092684, at *2. Once again, the Court cautions that the issues raised in Defendant's latest Motion are more properly raised at the summary judgment stage, when discovery has concluded.

## V. CONCLUSION / ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [23] is DENIED, with prejudice.

> */s Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

Date: July 14, 2014

cc/ecf: All counsel of record